PAUL M. BASON AND WIFE, RUBY G. BASON, v. W. E. SMITH.

(Filed 2 June, 1949.)

**Landlord and Tenant §§ 1, 24—**

Evidence tending to show that plaintiffs purchased the premises and took possession of the residence some 100 yards from the barn, but as a

part of the consideration, permitted defendant grantor to retain posses-sion to the end of the year of the land on which there were growing crops, and to store crops in the barn, but that plaintiffs also used the barn, *is held* insufficient to establish the relationship of landlord and tenant in respect to the barn, and nonsuit was properly granted in plaintiffs' action to recover on an implied warranty in the supposed lease.

PLAINTIFFS' appeal from *Patton, Special Judge,* November Term, 1948, ALAMANCE Superior Court.

*Cooper, Sanders & Holt for plaintiffs, appellants.*

*Paul H. Ridge and Long & Long (By: George A. Long) for defendant, appellee.*

PER CURIAM. Plaintiffs' cause of action is predicated upon loss occa-sioned by the burning of a barn alleged to have been destroyed while in the possession of defendant as tenant of plaintiffs.

The evidence of plaintiffs tended to show that the land on which the barn was situated had been purchased by plaintiffs from defendant, and that at the time of purchase it was agreed that defendant should retain possession of the land on which growing crops were situated. There was a granary and large barn on the premises in which it was agreed that defendant might store crops and farm products until the end of the current crop year, on December 31, 1946, as part consideration of the purchase price. The defendant did retain possession of the barn under this agreement, and had a quantity of hay stored therein. The plaintiffs likewise kept a cow in the barn and a quantity of hay. The barn was wired for electricity. Plaintiffs had been living in the residence, approxi-mately 100 yards from the barn, from September until December 18; and plaintiffs and a Mr. Jobe, who was renting part of the place, were using the barn some every day.

On or about December 18, some parties came to bale defendant's hay, to remove it from the premises and on that day the barn was burned.

At the conclusion of the evidence, the defendant, offering none, de-murred and moved for judgment of nonsuit. It was allowed and plain-tiffs appealed.

On examination of the evidence the Court is of the opinion that it is not sufficient to go to the jury on the relation of landlord and tenant, upon which the action is based. The judgment of nonsuit is, therefore,

Affirmed.